RECEIVED BY MAIL
FEB 0 2 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| NIMA GHARAVI, | Misc. Action No. |
| Petitioner, | |
| v. | Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969, (N.D. Ill.) |
| NATIONAL WRESTLING MEDIA ASSOCIATION C/O JASON BRYANT, | |
| Respondent. | |

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO COMPEL COMPLIANCE WITH SUBPOENA</u>**

Petitioner Nima Gharavi ("Petitioner"), appearing *pro se*, respectfully moves this Court for an order compelling Jason Bryant to comply with a subpoena for production of documents issued in *Gharavi v. Presley*, Case No. 1:24-cv-1969 (N.D. Ill.). In support thereof, Petitioner states as follows:

**<u>BACKGROUND AND RELEVANT FACTUAL HISTORY</u>**

Petitioner initiated *Gharavi v. Presley*, Case No. 1:24-cv-1969 (N.D. Ill.), on March 8, 2024, asserting claims for defamation, invasion of privacy, doxing, and related causes of action arising from a series of allegedly false and negative social media posts and public statements made by Defendants.

Discovery has revealed the identities of additional John Doe defendants, defamatory statements made both publicly and privately, and a broader network of individuals who

SCANNED
FEB 0 2 2026
U.S. DISTRICT COURT MPLS

coordinated, disseminated, or amplified the allegations at issue. In light of these developments, Petitioner issued third-party subpoenas to individuals and media outlets within the wrestling community with whom Petitioner has interacted, including those who published, circulated, or sourced the allegations, as well as those who barred Petitioner from accessing their platforms or events. On September 11, 2025, Petitioner issued one such subpoena to the National Wrestling Media Association ("NWMA") and its president, Jason Bryant, via U.S. Certified Mail. (Ex. A (Notice of Subpoena, Subpoena, and Attachment A).)

The Subpoena seeks information related to the NWMA and Jason Bryant's communications and other documents that concern, reference, discuss, mention, or contain information about videos belonging to Petitioner's "Midwest Wrestle" YouTube channel or mention Petitioner Nima Gharavi. (Ex. A.) The Subpoena commanded the production of documents by September 25, 2025, at the office of Petitioner's counsel Swanson, Martin & Bell, located in Chicago, Illinois. (Ex. A.) On September 16, 2025, the Subpoena was successfully delivered via U.S. Mail to Mr. Bryant at 2739 17th St NW, New Brighton, Minnesota 55112. (Ex. B (Certified Mail Receipt and USPS Tracking).)

Petitioner has attempted to obtain the NWMA and Jason Bryant's compliance with the Subpoena, but has been unsuccessful. On September 22, 2025, Mr. Bryant, through counsel Scott Pilutik, requested an additional thirty days to respond to the subpoena. (Ex. C (emails dated September 22–24, 2025).) Petitioner agreed to give Mr. Bryant an extension to respond to the subpoena until October 12, 2025, if Mr. Bryant planned to

object, or October 22, 2025, if Mr. Bryant chose to substantively respond. (Ex. C.) Petitioner's counsel contacted Mr. Bryant's counsel again on January 9, 2026, requesting to meet and confer regarding Mr. Bryant's continued lack of response to the Subpoena. (Ex. D (email dated January 9, 2026).) To date, Petitioner has received no information in response to the subpoena, despite the fact that neither the NWMA nor Jason Bryant has asserted any objection.

On January 20, 2026, Petitioner's counsel filed a motion to compel compliance with this subpoena in the Northern District of Illinois. (Ex. E (Illinois Motion to Compel).) On January 26, 2026, the Honorable Beth W. Jantz denied that motion without prejudice, finding that the subpoena was directed to Mr. Bryant in New Brighton, Minnesota, and that "subpoenas served out of District generally need to be enforced in the District where served." (Ex. F (Order at Dkt. 160).) Judge Jantz did not address the merits of Petitioner's request or question the relevance or propriety of the subpoena. (Ex. F.)

Petitioner now moves to compel the NWMA and Jason Bryant's compliance with their obligations under Rule 45 in the proper forum pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(a) allows parties to a lawsuit to subpoena records from third parties. Fed. R. Civ. P. 45(a). Further, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, if the subpoena's recipient does not

3

comply with the subpoena, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). This Court thus has the authority to enforce the Subpoena. *Great Am. Ins. Co. v. Twin Cities Dance & Ent., LLC*, No. 23-CV-767 (NEB/LIB), 2024 WL 6475967, at *4 (D. Minn. Mar. 6, 2024).

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

The failure to serve written objections to a subpoena within the time specified by Rule 45 waives any objections that a party may have. *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) ("'[A] party who fails to file timely objections waives all objections, including those based on privilege or work product.'") (citations omitted); *see also Great Am. Ins. Co.*, 2024 WL 6475967, at *4 ("The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections, as does failing to file a timely motion to quash.").

## **ARGUMENT**

"The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008). Petitioner is entitled to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As discussed above, and further

evidenced by the Subpoena, Petitioner is narrowly seeking information concerning statements made by third parties, or by Defendants and held by third parties, regarding Petitioner or his YouTube channel. (Ex. A at 6-10.) This information is directly relevant to the parties' claims and defenses in the underlying Illinois litigation.

Moreover, failure to serve written objections to a subpoena within the time required by Fed. R. Civ. P. 45 waives any objections that a party may have. *Cargill*, 284 F.R.D. at 424. Here, any objections to the Subpoena were due over three months ago. Since neither the NWMA nor Jason Bryant have raised any objections to the Subpoena nor filed a motion to quash, any objections are now waived. In short, the NWMA and Jason Bryant were served with a valid subpoena that seeks information that is relevant and proportional to the needs of the case. Neither the NWMA nor Jason Bryant have raised a single objection, and they have not complied with the Subpoena.

The Northern District of Illinois did not question the propriety or relevance of this subpoena. Judge Jantz's order denying Petitioner's Illinois motion was based solely on jurisdictional and geographic considerations under Rule 45, directing Petitioner to seek enforcement in the district where the subpoena was served. (Ex. F.) Petitioner now properly seeks enforcement in this Court. Accordingly, Petitioner's Motion to Compel should be granted.

## CONCLUSION

WHEREFORE, Petitioner respectfully requests this Court to order the NWMA and Jason Bryant to comply with Petitioner's Subpoena within fourteen (14) days, and any other relief this Honorable Court deems appropriate.

Dated: January 29, 2026

Respectfully Submitted,

By: _____

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

Petitioner