RECEIVED BY MAIL

FEB 0 2 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# Exhibit A



SCANNED
FEB 0 2 2026
U.S. DISTRICT COURT MPLS

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois ▼

| | |
|---|---|
| NIMA GHARAVI et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-1969 |
| FloSports, Inc. et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: National Wrestling Media Association c/o Jason Bryant
2739 17th St NW, New Brighton, MN 55112

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Swanson, Martin and Bell, LLP 330 North Wabash Ave, Suite 3300 Chicago, IL 60611 | Date and Time: 09/25/2025 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/11/2025

*CLERK OF COURT*

OR

/s/ Olivia Duggins

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
Nima Gharavi and Right Call Officials, Inc. , who issues or requests this subpoena, are:
Olivia E. Duggins, 330 North Wabash Ave, Suite 3300, Chicago, IL 60611, oduggins@smbtrials.com, (312) 222-8534

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-1969

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois corporation, | |
| *Plaintiffs,* | |
| | Case No. 1:24-cv-1969 |
| v. | |
| | Steven C. Seeger, U.S.D.J. |
| FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STPEHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25 | Beth W. Jantz, U.S.M.J. |
| *Defendants.* | |

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE THAT** pursuant to the Federal Rules of Civil Procedure,

Plaintiffs Nima Gharavi and Right Call Officials, Inc., by and through their undersigned attorneys,

intends to serve a subpoena, in the form attached hereto, upon National Wrestling Media

Association on Thursday, September 11, 2025, or as soon as service may be effectuated. The

subpoena requires National Wrestling Media Association to produce all documents specified in

Exhibit A to the subpoena within fourteen (14) days of receipt of service at the offices of Swanson,

Martin & Bell, 330 N Wabash Ave Suite 3300, Chicago, IL 60611, Attention: Olivia E. Duggins,

Esq.

Dated: September 11, 2025                    Respectfully Submitted,

**PLAINTIFS NIMA GHARAVI and**

**RIGHT CALL OFFICIALS, INC.**

By: */s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)

Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
oduggins@smbtrials.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I served the foregoing NOTICE OF
SUBPOENA and copy of the accompanying subpoena via electronic mail on counsel of record
and via U.S. Mail to all *pro se* defendants

By:  */s/ Olivia E. Duggins*

Olivia E. Duggins

## ATTACHMENT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

## DEFINITIONS

1.     The uniform definitions, instructions, and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

2.     "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

3.     The following definitions shall apply to the individual requests as well as the Definitions and Instructions herein.

4.     "Action" means Nima Gharavi and Right Calls Officials, Inc., v. FloSports, Inc., Christian Pyles, Jessica Presley, MatScouts LLC, Willie Saylor, Allyson Schwab, Patrick Mineo, Jon Kozak, Skramble Wrestling Gear LLC, Stephen Kolankowski, and John Does 1-25, Case No. 1:24-cv-1969 currently pending in the United States District Court for the Northern District of Illinois Eastern Division.

5.     "Amended Complaint" means Plaintiffs' Amended Complaint in the Action, dated April 10, 2024 (Dkt. No. 20).

6.     "Communication" or "Communications" are used in the broadest possible sense and mean verbal, written, or electronic exchanges between two or more persons.

7.     "Document" or "Documents" are used in the broadest possible sense to mean or refer to anything which may be within the meaning of Federal Rule of Civil Procedure 34.

8.     "Defendants" means the defendants in this Action: FloSports, Inc., Christian Pyles, Jessica Presley, MatScouts LLC, Willie Saylor, Allyson Schwab, Patrick Mineo, Jon Kozak,

Skramble Wrestling Gear LLC, Stephen Kolankowski, and John Does 1-25. FloSports, Inc., MatScouts LLC, and Skramble Wrestling Gear LLC includes any current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on behalf of the entities.

9.     "Plaintiffs" means the plaintiffs in this action: Nima Gharavi and Right Calls Officials, Inc. Right Call Officials, Inc. includes any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

10.     "You" and "Your" means the individual address on this subpoena including any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

11.     "John Does 1-25" means previously-unidentified defendants in this Action for which You may have information regarding the identities of.

12.     All other terms shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

## INSTRUCTIONS

1.     Unless agreed to otherwise by the parties, electronically stored information is to be produced in single-page TIFF (Tagged Image File Format) format with available searchable text and reasonably accessible metadata. Spreadsheets, presentations, video/audio files, and any other file type that is not easily converted to an image, shall be provided in native format. Native file names should match the Bates entry for that specific record. Documents shall be produced with logical document breaks, as searchable, and with load field enabling review in common litigation databases such as Concordance and/or Relativity.

2.     Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

      a.     Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the request more inclusive;

      b.     Construing the singular form of any word to include the plural and the plural form to include the singular;

      c.     Construing the past tense of the verb to include the present tense and the present tense to include the past tense; and

      d.     Construing "include" to mean include or including "without limitation."

3.     These requests are continuing in character so as to require You to produce additional documents if You obtain further or different information at any time before trial.

4.     If you contend that you are entitled to withhold from production any documents requested herein on the basis of attorney/ client privilege, work-product protection, or other legally recognized grounds, identify the nature of the document(s), the date for same, the author, and the

person to whom the document was addressed; identify each individual who has seen the document, each individual who has received a copy of the document and from whom the document was received; and state the basis upon which you contend you are entitled to withhold the document from production. Accordingly, please provide a formal written privilege log of all claimed privileged documents and information.

## DOCUMENT REQUESTS

1.    Any and all Documents and Communications in Your possession and/or in the possession of any
National Wrestling Media Association staff member, contractor or volunteer including but not limited to
those electronically stored that concern, reference, discuss, mention, or contain information about videos
belonging to the "Midwest Wrestle" YouTube channel.

2.    Any and all Documents and Communications in Your possession and/or in the possession of any
National Wrestling Media Association staff member, contractor or volunteer including but not limited to
those electronically stored that concern, reference, discuss, mention, or contain information about Nima
Gharavi.

3.    Any and all Documents and Communications between You or any National Wrestling Media
Association staff member, contractor or volunteer and any third parties, including but not limited to any
member of any school staff, any wrestling coaches or officials, any member of the media or wrestling
authority and/or wrestling leadership, in any manner regarding Nima Gharavi or Midwest Wrestle.

4.    Any and all posts, comments, photographs, videos, or other content published, shared, liked or
commented on by any of Your or NWMA's social media accounts that concern, reference or discuss Nima
Gharavi or Midwest Wrestle, in any manner, whether directly or indirectly.

5.    Any and all posts, comments, photographs, videos, or other content published, shared, liked or
commented on by any of Your  or NWMA's accounts on bulletin boards, message boards, forums, etc.
that concern, reference or discuss Nima Gharavi or Midwest Wrestle, in any manner, whether directly or
indirectly.

RECEIVED BY MAIL

FEB 0 2 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# Exhibit B



SCANNED
FEB 0 2 2026
U.S. DISTRICT COURT MPLS

Case: 1:24-cv-01969 Document #: 157-2 Filed: 01/16/26 Page 1 of 2 PageID #:2710

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br>National Wrestling Media<br>Association c/o Jason Bryant<br>2739 17th St NW<br>New Brighton, MN 55112 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 9223 4295 5334 27 | 3. Service Type ☐ Priority Mail Express®<br>☐ Adult Signature ☐ Registered Mail™<br>☐ Adult Signature Restricted Delivery ☐ Registered Mail Restricted<br>■ Certified Mail® Delivery<br>☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™<br>☐ Collect on Delivery ☐ Signature Confirmation<br>☐ Collect on Delivery Restricted Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) |
| 2. Article Number (Transfer from service label)<br>9589 0710 5270 1698 4424 14 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 JSB 07946-0002 Domestic Return Receipt | |

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

9589 0710 5270 1698 4424 14

Certified Mail Fee

Extra Services
☐ Return Re
☐ Return Re
☐ Certified I
☐ Adult Sigr
☐ Adult Sigr

NWMA c/o Jason Bryant
2739 17th St NW
New Brighton, MN, 55112

Postage

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

**Tracking Number:**

Remo

# 95890710527017698442414

⬚ Copy    🏃 Add to Informed Delivery

### Latest Update

Your item has been delivered to an agent and left with an individual at the address at 2:00 pm on September 16, 2025 in SAINT PAUL, MN 55112.

---

**Get More Out of USPS Tracking:**

📇 USPS Tracking Plus®

**Delivered to Agent**
**Delivered to Agent, Left with Individual**
SAINT PAUL, MN 55112
September 16, 2025, 2:00 pm

**Arrived at USPS Regional Facility**
SAINT PAUL MN DISTRIBUTION CENTER
September 15, 2025, 1:05 am

**In Transit to Next Facility**
September 13, 2025

**Arrived at USPS Regional Facility**
BEDFORD PARK IL DISTRIBUTION CENTER
September 12, 2025, 10:15 pm

**Hide Tracking History**

What Do USPS Tracking Statuses Mean?

RECEIVED BY MAIL

FEB 0 2 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# Exhibit C

SCANNED

FEB 0 2 2026

U.S. DISTRICT COURT MPLS

**From:** Scott Pilutik <pilutik@gmail.com>
**Sent:** Wednesday, September 24, 2025 1:10 PM
**To:** Jeff Becker <jbecker@smbtrials.com>
**Cc:** Olivia E. Duggins <oduggins@smbtrials.com>
**Subject:** Re: Request for extension of time to respond to subpoena - Jason Bryant | 1:24-cv-1969

**Caution:** External email.

Dear Jeff,

Following up on our phone call from Monday, I'm writing in hopes that you'll
confirm in a reply here our understanding that my client, Jason Bryant on
behalf of the National Wrestling Media Association (NWMA) has been granted
an extension to respond to your client's third-party subpoena to October 12,
2025, if he plans to object, or October 22, 2025, if my client chooses to
substantively respond.

Thank you,

**Scott Pilutik** | The Law Office of Scott Pilutik
212.645.6241 T | 607.900.4151 F | pilutik@gmail.com
This e-mail transmission is for the sole use of the intended recipient/s and may contain information protected by the
attorney-client privilege, the attorney-work-product doctrine or other applicable privileges or confidentiality laws or
regulations.

On Mon, Sep 22, 2025 at 12:39 PM Scott Pilutik <pilutik@gmail.com> wrote:
I just got your voicemail. Give me a call when you're free at 212.645.6241.

___
~ S

On Mon, Sep 22, 2025 at 12:30 PM Jeff Becker <jbecker@smbtrials.com> wrote:
Scott, give me a quick buzz at 312-371-3730.

## Jeffrey S. Becker

Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100 (general)
(312) 321-8425 (direct)
(312) 321-0990 (facsimile)
Bio | E-Mail | LinkedIn
website: www.smbtrials.com

♻ Go Green: Please do not print this e-mail unless absolutely necessary.
*Privileged & confidential communication, intended only for the named recipient(s).*
*If you receive this message by mistake, please notify me immediately and delete it.*
*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

**SMB SWANSON,**
**MARTIN & BELL, LLP**

---

**From:** Scott Pilutik <pilutik@gmail.com>
**Sent:** Monday, September 22, 2025 11:13 AM
**To:** Jeff Becker <jbecker@smbtrials.com>
**Cc:** Olivia E. Duggins <oduggins@smbtrials.com>
**Subject:** Re: Request for extension of time to respond to subpoena - Jason Bryant | 1:24-cv-1969

> **Caution:** External email.

Thanks Jeff.

Well, one of my tasks, besides getting an extension, is to get my client to an IL attorney, b/c otherwise I'd have to file a pro hac vice motion, which seems unnecessary for answering a third party subpoena that I'm sure other attorneys could handle. If I agree to 10/12 I'd be tying that incoming attorneys hands a bit b/c I told my client I would ask for 30 days.

Will that not work?

On Mon, Sep 22, 2025 at 12:03 PM Jeff Becker <jbecker@smbtrials.com> wrote:
We are happy to provide you with an extension. Can we agree to have any substantive responses by 10/22? I would ask that any objections be made, however, by 10/12, a bit earlier, so we can work through them with you. I would hate to give a month to only then receive no docs/info and only objections, as I would imagine you can agree that objections should be something able to be provided sooner than the docs themselves. Does that work for you?

**Jeffrey S. Becker**
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100 (general)
(312) 321-8425 (direct)
(312) 321-0990 (facsimile)
Bio | E-Mail | LinkedIn
website: www.smbtrials.com

♻ Go Green: Please do not print this e-mail unless absolutely necessary.
*Privileged & confidential communication, intended only for the named recipient(s).*
*If you receive this message by mistake, please notify me immediately and delete it.*
*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

**SMB SWANSON,**
**MARTIN & BELL, LLP**

**From:** Scott Pilutik <pilutik@gmail.com>
**Sent:** Monday, September 22, 2025 10:26 AM
**To:** Olivia E. Duggins <oduggins@smbtrials.com>; Jeff Becker <jbecker@smbtrials.com>
**Subject:** Request for extension of time to respond to subpoena - Jason Bryant | 1:24-cv-1969

**Caution:** External email.

To Attorneys Olivia Duggins and Jeffrey Becker:

I've been retained by Jason Bryant, the recipient of a third-party subpoena in the above-referenced lawsuit brought by your firm.

Mr. Bryant is requesting an additional thirty days to respond to your client's subpoena, as he has been overseas since the date your firm attempted service. Any stipulation for an extension would also need to preserve my client's objections.

Please advise if this is acceptable, and how you'd like to proceed. I imagine you might have a pre-prepared template for extensions, and I'm outside of the jurisdiction (NY).

Thank you,

**Scott Pilutik** | The Law Office of Scott Pilutik
212.645.6241 T | 607.900.4151 F | pilutik@gmail.com
This e-mail transmission is for the sole use of the intended recipient/s and may contain information protected by the attorney-client privilege, the attorney-work-product doctrine or other applicable privileges or confidentiality laws or regulations.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

RECEIVED BY MAIL

FEB 0 2 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# Exhibit D

SCANNED

FEB 0 2 2026

U.S. DISTRICT COURT MPLS

**From:** Olivia E. Duggins <oduggins@smbtrials.com>
**Sent:** Friday, January 9, 2026 2:01 PM
**To:** Scott Pilutik <pilutik@gmail.com>
**Cc:** Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>
**Subject:** Re: Request for extension of time to respond to subpoena - Jason Bryant | 1:24-cv-1969

Hi Scott,

Hope you are well and happy new year. I don't believe we have received any response from you on the third-party subpoena to Jason Bryant. Are you available for a meet and confer on Monday or Tuesday of next week?

Thank you.

Olivia E. Duggins
Associate
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Ave., Suite 3400
Chicago, Illinois 60611
Dir: (312) 222-8534
Fax: (312) 321-0990
E-mail: oduggins@smbtrials.com
Website: www.smbtrials.com

## Swanson, Martin & Bell, LLP

Chicago – St. Louis – Lisle – Libertyville – Madison County

This message contains confidential information and is intended only for the individual(s) named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure as information can be intercepted, lost, arrive late or incomplete. The sender therefore does not recommend total dependence on e-mail for secure and timely communication.

Please consider the environment before printing this e-mail



RECEIVED BY MAIL

FEB 0 2 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# Exhibit E

SCANNED

FEB 0 2 2026

U.S. DISTRICT COURT MPLS

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | |
| Plaintiffs, | Case No. 1:24-cv-1969 |
| v. | **Judge:** Honorable Steven C. Seeger |
| JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. | **Magistrate Judge:** Honorable Beth W. Jantz |
| Defendants. | |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH PLAINTIFF'S THIRD-PARTY SUBPOENA TO JASON BRYANT**

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and hereby move this honorable Court for an order compelling Third-Party Subpoena Recipient JASON BRYANT to respond to Plaintiffs' subpoena for documents and produce the materials therein. In support thereof, Plaintiffs state as follows:

**BACKGROUND AND RELEVANT FACTUAL HISTORY**

Plaintiffs initiated this action on March 8, 2024, asserting claims for defamation, invasion of privacy, doxing, and related causes of action arising from a series of allegedly false and negative social media posts and public statements made by Defendants. Dkt. 1. On May 5, 2025, Plaintiffs filed their third and final Amended Complaint, identifying previously unnamed John Doe defendants but making no substantive changes to the underlying allegations. Dkt. 92.

1

Discovery has revealed the identities of additional John Doe defendants, defamatory statements made both publicly and privately, and a broader network of individuals who coordinated, disseminated, or amplified the allegations at issue. In light of these developments, Plaintiffs issued third-party subpoenas to individuals and media outlets within the wrestling community with whom Plaintiffs have interacted, including those who published, circulated, or sourced the allegations, as well as those who barred Plaintiffs from accessing their platforms or events. On September 11, 2025, Plaintiffs issued one such subpoena to the National Wrestling Media Association, ("NWMA"), and its president, Jason Bryant via U.S. Certified Mail. *See* Notice of Subpoena, Subpoena, Rider, attached as **Exhibit A**.

The Subpoena seeks information related to the NWMA and Jason Bryant's communications and other documents that concern, reference, discuss, mention, or contain information about videos belonging to Plaintiff's "Midwest Wrestle" YouTube channel or mention Plaintiff Nima Gharavi. *Id.* The Subpoena commanded the production of documents by September 25, 2025, at the office of Plaintiffs' counsel Swanson, Martin & Bell, located in Chicago, IL. *Id.* On September 16, 2025, the Subpoena was successfully delivered via U.S. Mail to Mr. Bryant. The receipt confirming as such is attached as **Exhibit B**.

Plaintiffs have attempted to obtain the NWMA and Jason Bryant's compliance with the Subpoena, but have been unsuccessful. On September 22, 2025, Mr. Bryant, through counsel, requested an additional thirty days to respond to the subpoena. *See* emails dated September 22–24, 2025, attached as **Exhibit C**. Plaintiffs agreed to give Mr. Bryant an extension to respond to the subpoena until October 12, 2025, if Mr. Bryant planned to object, or October 22, 2025, if Mr. Bryant chose to substantively respond. *Id.* Plaintiffs contacted Mr. Bryant's counsel again on January 9, 2026, requesting to meet and confer regarding Mr. Bryant's continued lack of response

to the Subpoena. *See* email dated January 9, 2026, attached as **Exhibit D**. To date, Plaintiffs have received no information in response to the subpoena, despite the fact that neither the NWMA nor Jason Bryant has asserted any objection. Plaintiffs now move to compel the NWMA and Jason Bryant's compliance with its obligations under Rule 45.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(a) allows parties to a lawsuit to subpoena records from third parties. Fed. R. Civ. P. 45(a). Further, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, if the subpoena's recipient does not comply with the subpoena, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The District Court for the Northern District of Illinois thus has the authority to enforce the Subpoena.

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, "where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation." *Mintel Int'l Group, Ltd. v. Neerghen*, 2008 WL 4936745, at *1 (N.D. Ill. Nov. 17, 2008), *aff'd sub nom. Mintel Int'l Group, Ltd. v. Neergheen*, 2008 WL 5246682 (N.D. Ill. Dec. 16, 2008).

## ARGUMENT

"The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008). Plaintiffs are entitled to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As discussed above, and further evidenced by

3

the Subpoena, Plaintiffs are narrowly seeking information concerning statements made by third parties, or by Defendants and held by third parties, regarding Plaintiff Nima Gharavi or his YouTube channel. This information is directly relevant to the parties' claims and defenses. *Trs. of Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2023 WL 429047, at \*3-4 (N.D. Ill. Jan. 26, 2023) (ordering compliance with subpoena seeking information that bore on party's "theory" of case).

Moreover, failure to serve written objections to a subpoena within the time specified (14 days) by Fed. R. Civ. P. 45 waives any objections that a party may have. *Whitlow v. Martin*, 263 F.R.D. 507, 510 (C.D. Ill. 2009). Here, any objections to the Subpoena were due over three months ago. Since neither the NWMA nor Jason Bryant have raised any objections to the Subpoena nor filed a motion to quash, any objections are now waived. In short, the NWMA and Jason Bryant were served with a valid subpoena that seeks information that is relevant and proportional to the needs of the case. Neither the NWMA nor Jason Bryant have raised a single objection, and they have not complied with the Subpoena. Accordingly, Plaintiffs' Motion to Compel should be granted.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court to order the NWMA and Jason

Bryant to comply with Plaintiffs' Subpoena within fourteen (14) days, and any other relief this

Honorable Court deems appropriate.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL
OFFICIALS, INC.**

Dated: January 16, 2026

By:*/s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com

5

RECEIVED BY MAIL

FEB 0 2 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# Exhibit F

SCANNED

FEB 0 2 2026

U.S. DISTRICT COURT MPLS

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)
### Eastern Division

Nima Gharavi, et al.

               Plaintiff,

v.

Jessica Presley, et al.

               Defendant.

Case No.: 1:24−cv−01969
Honorable Steven C. Seeger

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, January 26, 2026:

    MINUTE entry before the Honorable Beth W. Jantz: Plaintiff's Motion to Compel Compliance with Plaintiff's Third−Party Subpoena to Jason Bryant (Dkt. [157]) is DENIED without prejudice. The subpoena is directed to Bryant in New Brighton, Minnesota, but it purports to require the production of documents to Plaintiff's counsel's office in Chicago, which is outside of the 100−mile limit imposed by Federal Rule of Civil Procedure 45(c)(2)(A). Furthermore, subpoenas served out of District generally need to be enforced in the District where served. FRCP 45(d). Plaintiff's Motion to Compel Compliance with Plaintiffs' Third−Party Subpoenas to Willie Saylor (Dkt. [158]) is DENIED IN PART without prejudice. The first (documents) subpoena is directed to Saylor, who apparently lived in Coeur d'Alene, Idaho as of 2024, see Dkt. 64, but it purports to require him to produce documents to Plaintiff's counsel's office in Chicago, which is more than 100 miles from Coeur d'Alene. See Fed. R. Civ. P. 45(c)(2)(A). The motion is thus denied for the same reasons as above. The second subpoena to Saylor seeks his deposition. At the January 28, 2026 status hearing, Plaintiff must be prepared to address where Saylor has been served. At a minimum, this Court is likely to require personal service on Mr. Saylor (as opposed to just mail or certified mail) in advance of the 1/31/26 fact discovery deadline, if the Plaintiff seeks to compel his deposition by a rule to show cause or otherwise. Mailed notice (jxm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.